

JUL  8 2024

U.S BANKRUPTCY COURT
SO DIST OF NEW YORK

June  24, 2024

TO:  Hon. David S. Jones
     Togut, Segal & Segal
     Filing Clerk (USBC/SDNY)

FROM:  Mitchell Kossoff

RE:  Togut v. Fordham et al., Adv. Proc. # 23-01155
     Togut v. Besen, Adv. Proc. #23-01004
     Togut v. Colgate, Adv. Proc. #23-01023
     Togut v. Bloomingdales, Adv. Proc. #23-01094
     Togut v. Citibank, Adv. Proc. #23-01096
     Togut v. Haverford, Adv. Proc. # 23-01105
     Togut v. Unger, Adv. Proc. #23-01127
     REPLY TO TRUSTEE'S OBJECTIONS TO PER-
     MISSIVE INTERVENTION MOTION.

---

The within letter as permittted by the Court shall serve as my
formal Reply to the Trustee's Objections to the pending motion
seeking Permissive Intervention in the above adversarial pro-
ceedings which Objections were docketed in the main case (21-10699-
dsj) on 6/5/24.  Further the within Reply is being served by mail
and submitted for filing on or before 6/28/24 in accordance with
the Court's Scheduling Order, dated 5/15/24.  Further the state-
ments made by me and contained herein are offered under pain and
penalty of perjury except as to matters alleged upon information
and belief and as to those matters, I believe them to be true.

One starts this analysis with the observation that the Trustee's
objections are pockmarked with Ad Hominem attacks, blatant mis-
statements of applicable law and false allegations of facts.

AD HOMINEM ATTACKS

The Trustee opines to this Court that my efforts are frustra-
ting his attempts to recover monies for creditors of the Debtor,
that since I have nothing left to lose I am motivated by solely
selfish reasons;and am engaging in frivilous activity.  As a
result, the Trustee argues that my submissions should be ignored,
that I not be treated in a solicitous manner; that
I should be "shut off" from any further role in the pending ad-
versarial proceedings;and I should certainly not be allowed to further
intervene, I suppose, no matter what the reasons.

I respond by first noting        that nothing contained herein or
in any other lawful submission I might otherwise see fit to make,
is offered by way of an excuse for, or a justification, of my prior
criminal activity.  When I was being sentenced and in discussing
my crimes, I stated as follows:

June 24, 2024

Hon. David S. Jones et anos.
Re: Permissive Intervention Reply
– page two –

> "I have committed crimes and am deserving of punishment.
> I am aware that apologies after the fact often sound hol-
> low and insincere but I hope that you can recognize that
> mine are genuine and heartfelt.  I have spent a large
> part of my life helping other people and I find it unfor-
> giveable that my recent conduct has caused so much pain
> and loss to people who trusted me.  . .To the victims of
> my crimes I know that simple words of contrition cannot
> undo the harm I have caused.  Please be aware that each
> and every one of you are in my prayers and I ask God
> every day to lift your pain and anger and replace it
> with peace, prosperity and joy.  Further I pledge to
> you that when given the opportunity I will dedicate the
> balance of my life to making financial amends and will
> not rest until I have restored to you to the best of my
> ability that which I have taken.  . .I really have no
> words to adequately describe the shame, guilt and remorse
> that I feel and hope that my actions in the future will
> somehow pave over this very sordid chapter of my life."

Nothing has changed since I uttered those words about the way I
feel with respect to the damage I have caused.

Notwithstanding the foregoing, the Trustee seems to desire during
these proceedings to transform himself from a representative of
the Debtor to some sort of, after the fact, Prosecutor. However,
the Trustee        can rest easy with the knowledge that despite
my inalienable right to defend myself against his claims of lia-
bility, that I am being punished for my crimes and wake up every
day with a certain sense of self loathing and not insignificant
depression as I at the age of 70 try to cobble together from the
ruins of my life, a new foundation based upon being of some use
to those I have harmed and to those who are even less fortunate
than I.

Turning now to address some of the more virulent of the Trustee's
ad hominem remarks, it appears as if the Trustee is trying to
convince this Court that I am committing a further crime based
upon my efforts to marshall appropriate defenses to many of the
allegations contained in over 50 adversarial proceedings commenced
by the Trustee — many of which form the basis for actual or
potential liability for me.  The Trustee in essence is castigating
me for actually mounting defenses to allegations in his Complaints
which I deem to be false.  But isn't this exactly what any defendant
does?  The Trustee trys to gloss over this fact by acknowledging
that I, unlike many other defendants, am penniless and have
nothing left to lose and so the Court should stop being so solici-
tous by entertaining my legal arguments.  These words by the
Trustee seem to set a new litigation standard for poor people

June  24, 2024

Hon. David S. Jones et anos.
Re:  Permissive Intervention Reply
- page three -

which in and of itself seems reprehensible and should not be
entertained at all by this Court . Further I am sure that if
the Trustee were asked if "he was willing to put his own money
where his mouth is" and indemnify me from all future liability
emanating from the adversarial proceedings should I be capable
at some point in the future to repay the same, he would imme-
diately distance himself from these mean spirited attacks.

The Trustee says on numerous occasions that my actions    are
frivilous, but does not specify exactly what activities on my
part fall into this category.  During the forty years I prac-
ticed law before being disbarred, it was quite commonplace for
my adversaries lacking proper responses to viable legal argu-
ments propounded by me to summon the timeworn incantation that
if I didn't immediately cease some sort of imagined frivilous
activity that they would seek an award of sanctions and legal
fees against me. Not even one of these baseless threats ever
came to fruition (I was never sanctioned or censured), but if I
had a quarter every time these hackneyed and empty threats were
levelled against me, I would have more than enough funds to
fully compensate all of the Creditors of Debtor's Estate.

I do care, as well, about the Creditors of Kossoff PLLC, but
question many of the decisions by the Trustee who simply cannot
act as an independent fiduciary while his own law firm and there-
fore the Trustee himself are being compensated as the appointed
attorneys for the Debtor's estate. This seems to me to be an
irreconcilable conflict which should never have been permitted
in the first instance.  Moreover, I may yet   serve as a champion
of the Creditors when it comes time to pare down the legal fees
of Togut, Segal and Segal when presented to this Court for payment
as an administrative expense.  It is my fear that the Trustee's
tendency to litigate issues which could have been resolved
through simple communication is going to result in practically
nothing for the Creditors once the Debtor is discharged. However
rest assured I will be there vigorously questionning every hour
of submitted billable time by subjecting the same to an analysis
of whether such action(s) would have been taken by a truly in-
dependent Trustee  as opposed to one who profits from every liti-
gation dollar his law firm generates.

One such questionnable tactic employed by the Trustee and his
law firm centers around his steadfast refusal to take advantage
of my in depth knowledge of the transactions he claims to be
fraudulent, opting instead wherever possible to insulate other
defendants from this superior knowledge of the true facts in an
attempt to "strong arm" settlements.  In truth and fact I should
have been named as a co-defendant in all of the litigations in

June  24,2024

Hon. David S. Jones et anos.
Re: . Permissive Intervention Reply
- page four -

which  I am currently seeking permissive intervention, as well
as the many other proceedings that might also be affected by the
pending IRS motion, and it is obvious that the Trustee now that
this ill conceived strategy "to box me out" is not succeeding, has
out of frustration resorted to nothing short of throwing a litigation
tantrum.   Nowhere is this failed strategy more evident than in
the Farmview litigation. As the Court may recall the Trustee ini-
tially named the Burton Kossoff Testamentary Trust as a co-
dendant in the Farmview Complaint (Adv. Proc. #22-01141), but as
soon as I made a certain motion on 2/19/23 that because of my
mother's passing I should be substituted into this litigation in
place and instead of the BK Trust, the Trustee less than a month
later filed a unilateral Notice of Dismissal removing the BK
Trust as a party in a thinly veiled attempt to bar my direct par-
ticipation in this proceeding as a party.

## Summary of Permissive Intervention Argument

In my moving papers I referred this Court to its own Decision in
the Farmview Case (labelled as such by the Trustee) which lays
out the proper legal litmus test for the grant of permissive in-
tervention and which found on facts similar to the case at bar
that I had demonstrated that I will affected and subject to in-
consistent results as well as possible additional claims, in the
event I were not granted intervention.   Further I noted in the
Farmview proceeding Appellate authority which held that although
the grant of permissive intervention is within the discretion of
the Court, on appeal there can be a review as to whether or not
such discretion was abused to determine whether the intervention
motion was timely, whether there is at least one common issue of
law or fact, whether the original parties to the proceeding are
prejudiced and other relevant factors. See Buck v. Gordon,
959 F3d 219 (USCA, 6th Cir., May 11, 2020).

Continuing it was posited in my initial submission that all of the
above criteria were met and that a proceeding in which I am  named
as a defendant (Togut v. Roc Le Tromphe, #22-01158) possesses com-
mon issues of fact and law with the 7 other proceedings in which I
am seeking intervention (the Trustee in his Objections at Par. 20
wrongfully alleges that there are only 6 such proceedings because
he overlooks the Togut v. Fordham proceeding).   It was further
delineated in my moving papers that in Roc Le Triomphe, as well
as in all seven other proceedings targeted for permissive interven-
tion, that the Trustee was seeking to void                transactions
by which the Debtor seemed to be paying either directly or indirect-
ly my own personal expenses and obligations.   For example in Roc
it was my personal rent, in Colgate & Fordham it was my son's

June  24,2024

Hon. David S. Jones et anos.
Re:  Permissive Intervention Reply
- page five -

tuition, in Bloomingdale's & Citibank it was  personal   credit
card expenses as well as direct payments into my joint checking
account, in Haverford it was my personal charitable donations,
in Besen in part it was my son's rent as well as repayment of
certain personal loans, and in Unger it was in part repayment
of some of my personal loans.

My moving papers further posited that the transactions in question
were in effect distributions by the Debtor to me and as proof
thereof it is my intent to show that none of the payments sought
to be recovered were posted as deductions against the Debtor's
income, but were in fact included by me as part of my personal
income . Moreover,   . these distributions were remitted to me
in consideration of the billable hours I generated on behalf of
the Debtor which were therafter invoiced and paid to Debtor by
its clients.   I lastly postulated that these facts gave rise to
two common legal defenses to the claims asserted in all eight
proceedings; to wit, that pursuant to Section 508 of the Limited
Liability Company Law the recovery by the Debtor of. these
wrongful distributions is limited to three, as opposed to six,
years from the date of the filing of the Bankruptcy Petition,
and that as well I, together with my immediate transferees,
share a fair value, reasonable consideration defense to the
Trustee's claims.

Despite the fact that my moving papers present an overwhelming
case for permissive intervention, the Trustee in his Objections
utilizing blatant misstatements of fact and clearly erroneous
interpretations of applicable law, trys to fool this Court into
not granting the requested relief.

Trustee's False Allegations of Fact

The Trustee in an effort to convince this Court that my permissive
intervention motion was not made in a timely  fashion, states in
Paragraph "11" of his Objections that I was aware of the contemplated
defenses, as well as their applicability to the other proceedings
in which I now seek to intervene, since at least May 23, 2023 and
yet I failed to act in a timely manner.   To begin with the Trustee
offers no real evidence to butress his speculations as to what I
was, or was not, aware of on 5/23/23 and letters which I wrote well
after this date and arguments which I raised during the Court's
Hearing of Kossoff PLLC matters on 1/10/24 clearly indicate that I had
not even- reviewed the Complaints in the proceedings in which I
am now seeking intervention until well after these dates.

June 24,2024

Hon. David S. Jones et anos.
Re:  Permissive Intervention Reply
- page six -

I attach hereto with its enclosures a letter I wrote to Trustee's
counsel on 12/5/23 where I specifically asked for copies of all
of the Complaints in the proceedings in which I am now seeking
intervention, as well as many other additional complaints.  The
attachment to that letter clearly indicated those complaints that
I had already reviewed or those proceedings I was not interested
in because I was aware that they had been settled.  Notwithstanding
this request, the Trustee failed to comply and this matter was
further addressed during the course of the 1/10/24 Hearing. As
the Court may recall during this Hearing, Mr. Berger, your movant
and your Honor made the following statements and/or observations:

>"MR. BERGER .  .  .We're not responsible, and we are
>not Mr. Kossoff's agent to provide documents to him".
>(Transcript p. 29, ll 13-14).

>"MR. KOSSOFF: .  .  .I just want to state for the re-
>cord that I don't have that ability because -  -and
>I'm doing it for a purpose because at some point in
>time, I may make these motions for intervention or
>consolidation, and I'm sure the trustee at that point
>in time is going to raise a timeliness issue, and
>without me seeing the contents of these complaints,
>I'm going to respond that I asked for them and I was not
>given them.  So for purposes of making a record, that's
>my intent today.  .  .(Transcript, pp. 30-31, ll. 21-25
>and 1-3).

>"THE COURT:.  .  .Okay.  So let's leave it at that.  I
>will just observe you've made your record and stated that
>you don't have access to these complaints.  The Trustee
>is declining to provide copies of complaints in matters
>to which you are not a party.  .  ."(Transcript at p. 31,
>ll. 9-13).

It is respectfully submitted based on all of the foregoing that
the Trustee's timeline as to when I should have been aware of
the contents of the complaints at issue and otherwise should have
made the instant motion,strains credulity.  The Trustee  in fact
seems to want this Court to champion his efforts to "keep me in
the dark" by not sending the requested complaints.  The Trustee
should not be rewarded for his instransigence and obfuscation.

Equally specious are Trustee's statements that I should not be
allowed to intervene in the designated proceedings because they
are ".  .  .in advanced stages of discovery and/or settlement
negotiations.  .  ." (Trustee's Objections at Paragraph "21").

June 24 ,2024

Hon. David S. Jones et anos.
Re: Permissive Intervention Reply
– page seven –

Initially it is noted that the fact that some of the defendants
have settled with the Trustee, has no impact on whether or not
permissive intervention should be granted as to the remaining
defendants.  As to the Trustee's characterization as to the
status of the remaining proceedings,. counsel for both Bloomingdales
and Citibank in his submission supporting my motion (which are
docketed as follows: Case# 23-01094, Doc. 55 and Case # 23-01096,
Doc 53) had this to say in Paragraph "4" of each submission:

> "(w)hile the adversary (proceeding)(sic) has been
> pending for sometime, other than the IRS issue, discovery
> has not proceeded in any substantive fashion and no
> depositions have taken place.  No substantive motion
> practice has taken place.  The request is, therefore,
> timely. . .".

Further and upon information and belief with respect to all of
the litigations in which I want to intervene in which the Kossoff
Family Members are defendants there has been little or no litiga-
tion activity – the Trustee opting instead to extend to those
litigants successive tolling agreements while the parties consider
settlement alternatives based upon an offer by the Trustee which
never seems to arrive.

In point and fact if this Court were to inquire of all of the
affected litigants as to whether or not they were opposed to,
or prejudiced by, my intervention request to litigate two very
discrete defenses having to do with the possible liability limi-
tations imposed by Section 508 of Limited Liability Law and my
fair value/reasonable consideration claims, they would not oppose,
but welcome, my participation.**

**Erroneous Legal Arguments**

Just as was the case with the Trustee's steady diet of blatant
misstatements of facts which he feeds to this Court in an effort
to convince your honor to deny the requested intervention relief,
so, too, his legal arguments as to why, AS A MATTER OF LAW, I
cannot succeed with the proposed Section 508/Fair Value Defenses, is
nothing more than cannon fodder filled with facile and flawed
legal reasoning which I suspect the Trustee and his law firm,
inasmuch as they are experienced litigators, know to be false.

As to the defense which as a defendant in the Roc Le Triomphe case
I have in common with the 7 other proceedings; to wit, that Section
508(c) of New York's Limited Liability Law prohibits a look back
period for liability of any transfers that took place more than
3 years prior to the filing of the bankruptcy petition, the Trustee
argues that there has been a change in the law which undercuts

---

** I should stress herein that this question should be posed to only those
defendants who are actively litigating with the Trustee, as opposed to those
who have settled, like COLGATE UNIVERSITY, which actually submitted, no doubt
at the Trustee's prodding, a meaningless objection to my intervention motion.

June 24 ,2024

Hon. David S. Jones et anos.
Re:  Permissive Intervention Reply
- oage eight -

and otherwise supersedes the holding by United States Bankruptcy
Court for the Southern District In Re Vivaro Corporation, 524
B.R. 536 (2015) which supported a three, versus a six, year
limitations period when a trustee through the auspices of Section
544 of the Bankruptcy Code seeks to claw back monies which were
wrongfully distributed to members of the bankrupt Debtor/LLC.
Continuing and according to the Trustee three cases which were
decided after Vivaro; to wit; Setters v. AI Properties, 139 Ad3d
492 (AD 1st Dept., 2016), Boston Generating LLC, 617 B.R. 442
(USBC, SDNY, 2020); and In Re Row NYC, LLC, 2023 WL 5999143,
(USBC/SDNY, 2023) [hereinafter referred to as the Setters Cases],
come to a different conclusion and mandate a different result.
The Trustee asserts that the Setters Cases overturn the ruling in
Vivaro and signal a new trend in how the Courts view the
applicability of the three year limitations period set forth in
Section 508(c) of New York's Limited Liability Company Law.

Initially it is noted herein that none of the Setters Cases
actually reference Vivaro and specifically overturn that Court's
ruling.  Moreover, the Setters Cases actually state that a three
year, as opposed to a six year, limitations period embodied in
Section 508(c) would be applicable as long as the Trustee is
not suing as a creditor, but is suing instead for the benefit of
all creditors or for the Debtor's estate.  For example in Row,
supra, the Court notes, "Courts limit the application of section
508 where the trustee instead sues as a creditor. . .(t)he
scetion 508 three-year statute of limitations is inapplicable
because the Trustee is acting on behalf of a creditor, the
landlord, not the Debtor. . ."Row NYC at page 5.  The Boston
Generating Court also notes this distinction when it notes,
". . .other courts have concluded, and this Court agrees that
there is a distinction between a trustee standing in a debtor's
shoes suing for the benefit of creditors versus suing as a
creditor."Boston Generating at page 21.  Thus the suggestion by
the Trustee that Vivaro no longer has any legal vitality since
the rulings in the Setters Cases is pure poppycock. Nowhere is
this falsehood made any clearer than in a very recent summary of
the law in this area by a United States Bankruptcy Court for
the Southern District IN RE: Eight-115 Associates, LLC, (USBC/SDNY,
2023) where the Court stated as follows:

> "Under New York law, the general statute of limitations
> for fraudulent conveyances is six years, but New York
> Limited Liability Company Law ("NYLLCL") Section 508(c)
> provides that 'a member who receives a wrongful distri-
> bution shall have no liability under this article or
> other applicable law for the amount of the distribution
> after the expiration of three years from the date of
> distribution.' Courts routinely apply this three year
> time limit to avoidance actions under 11 U.S.C. Section

June 24, 2024

Hon. David S. Jones et anos.
Re:  Permissive Intervention Reply
- page nine -

      "544 and cases involving NYLLCL Section 508
      .  .  ." [Citations Omitted] Eight-115 Associates,
      LLC at page 10.

Based on the foregoing a further inquiry must be made to determine
whether the Setters Cases or the Vivaro line of cases apply to
the Roc Le Tromphe case and to the other seven other proceedings
in which I am seeking to permissively intervene.

A fair reading of the Complaints in these actions clearly indi-
cates that the Trustee is not suing on behalf of A CREDITOR, but
on behalf of ALL THE CREDITORS and the Debtor's Estate and so
the Setters Cases which reject a three year limitation period
are simply not applicable.  In this regard I draw the Court's
attention to Paragraph 4 of the Roc le Triomphe Complaint which
unequivocally states that the Trustee is suing on behalf of the
Debtor's estate and not for the benefit of A CREDITOR as follows:

      "4.  For the benefit of the Debtor's estate, the
      Trustee commences this adversary proceeding to avoid
      and recover the Debtor's transfers to and for the
      benefit of Defendants as fraudulent conveyances.  .  .".

Moreover a simple review by this Court of the "SUMMARY OF THE
ACTION" sections of the remaining 7 proceedings demonstrates
that they, too, contain this dispositive provision.  Having
thus dispatched with the Trustee's central legal argument for
denying the requested intervention relief, the only remaining
legal contention that needs to be debunked is the Trustee's
argument that I am somehow barred from demonstrating in all
eight proceedings at issue that I gave fair value in the form
of billable hours for the transfers (which were in effect
direct and/or indirect distributions to me) which the Trustee
is attempting to void.

[CONTNUED ON NEXT PAGE]

June 24, 2024

Hon. David S. Jones et anos.
Re:  Permissive Intervention Reply
– page ten –

As the Court may recall in my moving papers I indicated that I
gave value for the transfers in question   which I have asserted
were distributions to me or for my benefit by the Debtor – subject,
of course, to the introduction of proof to this effect at trial.
I further indicated that the fair value or reasonable considera-
tion consisted of more than 3.3 million dollars in legal billing
which I generated during the applicable 3 year limitations period
on behalf of the Debtor.   The Trustee appears to argue that certain
provisions of the Debtor's Operating Agreement (which was attached
to my moving papers); to wit, Sections 5.11, 5.14 and 7.2, prevent
me from being compensated for those services which I rendered to
the Debtor, and likewise prevent, as a matter of law, a fair
value defense based on those services.   I must confess that I
don't really understand the Trustee's reasoning here.   If he is say-
ing    that I cannot be compensated because I am not automatically
entitled to such payments solely by being a member of the LLC
and at any rate my services were never approved by the LLC, I
would respond simply by saying that since I was at all times the
sole member of the LLC, payments to me or on my behalf were
irrefutably approved every time a distribution was made.   I will
certainly testify at trial that all such distributions, as well
as the services I rendered constituting fair value therefor, were
all approved by me.   Moreover, the Trustee in making this argument
glosses over other provisions of the Operating Agreement which
make this entire argument in this regard moot.   More specifically
and as to the Distributions, the Operating Agreement states as
follows:

>           "1.1(f) 'Distribution' means any cash and other
>           property distributed to a Member by the Company
>           from the operations of the Company."
>
>           "7.2 Distributions.   Distributions shall be made
>           from time to time in the discretion of the Mem-
>           ber(s).   .   .".

Again I will most certainly testify at trial that all distribu-
tions or compensation paid either directly or indirectly to me
by the Debtor were specifically authrozied by me.

The Trustee's final legal argument is equally unavailing.   The
Trustee cites In Re Direct Access Partners, LLC, 602 B.R. 495
(USBC/SDNY, 2019) as support for the proposition that as a matter
of law I was not entitled to be compensated for my services be-
cause at the same time I admitted stealing significant sums from
the Debtor and its clients. However and in reality, Direct Access
stands for the exact opposite.   While noting that the Trustee was

June 24, 2024

Hon. David S. Jones et anos.
Re:  Permissive Intervention Reply
– page eleven –

arguing that the defendant's guilty plea and consequent forfeiture
judgment precluded the assertion by him of a "value" and "good
faith defense", the Court held that this is a matter which cannot
be resolved summarily, but must be left for trial.  Moreover, it
is questionnable whether or not the Direct Access Court's pro-
nouncements as to what factors can be considered in determining
fair value of an employee's salary, are even applicable in the
present context in which I am claiming "fair value" for the
distributions I received for billable hours I generated.  It would
seeem that the Trustee in this analysis is actually comparing
apples to oranges and that my thefts cannot be employed as an
offset to the value of the services I rendered, but actually re-
quire the Trustee to seek quite a different remedy in this regard.

Nevertheless it is noted that the Direct Access Court actually
held that salary payments are presumed to be made for fair con-
sideration even in the face of admitted criminal activity and at
any rate it is up to the Trustee, presumably at the time of trial,
to prove otherwise. Direct Access at pages 10, 34-35 and 38-40
(references here as in other parts of this reply are to the page
numbers of the actual printed decisions downloaded from Westlaw).
Moreover and given the Court's recent pronouncements in its Decision
& Order, dated 4/19/24, granting certain dismissal relief in the
Roc Le Triomphe case, it should also be the subject of a separate
inquiry as to whether or not, given the Wagoner Rule, the Trustee
can assert  these thefts, which are imputed to the Debtor, as a
viable offset against my fair value defense – at least as it may
affect the rights of my transferees who  were not at all culpable,
or complicit in, the alleged thefts. It is thus posited that at
this early stage it would be reversible error to determine as a
matter of law that my "fair value/reasonable consideration" de-
fenses have no  merit, but instead should await a determination
at trial once these issues have been fully developped.

Based on all of the foregoing, it is respectfully requested that
my permissive intervention motion be granted in all respects.


MITCHELL KOSSOFF, PRO SE

December 5, 2023

TO:  Jared Borriello, Esq.
cc:  Walter Mack, Esq.

FROM:  Mitchell Kossoff, Pro Se

RE:  Document Request, In Re Kossoff PLLC
     Index Number: 21- 10699, USBC/SDNY

Dear Mr. Borriello:

As more fully set forth in my prior correspondence, dated 10/29/23, both to you
and the Court, I desire copies of certain complaints in various adversarial
proceedings which have been filed by the Trustee in connection with the above
noted Bankruptcy Proceeding.  I became aware of the scope of these filings very
recently when I was forwarded a copy of a certain Associated Cases Docket Sheet
after its downloading, as indicated on the within attachment, on 9/21/23.

The Complaints which I require to be forwarded to me are those which are not
marked with an "X" on the attached Docket Sheet and total 47 in number.  I have
eliminated a total of 10 Complaints listed on the Associated Cases Docket from
this request because they constitute proceedings which I am either currently a
party or have been otherwise made a part of, which have been settled or closed ,
and/or in which I am currently seeking to be made a part of.

As previously indicated, I am going to be seeking either premissive intervention
in a number of these matters and/or that certain of the proceedings be consoli-
dated with those in which I am currently a party pursuant to Rule 42 of the FRCP
and Rule 7042 of the FRBP.  As a result it is crucial that I examine the four
corners of each and every requested complaint in order to determine whether or
not they have sufficient commonality of facts and law with those actions in which
I am a party in order to justify the making of the envisioned and omnibus
intervention and/or consolidation motions.

Thank you for your anticipated and prompt attention to the requests herein
contained.

Very truly yours,

Mitchell Kossoff

# EXHIBIT

21-10699-dsj Kossoff PLLC

Case type: bk Chapter: 7 Asset: Yes Vol: i Judge: David S Jones

Date filed: 04/13/2021 Date of last filing: 08/30/2023

# Associated Cases

| Case | Associated Case | Type | |
|------|-----------------|------|---|
| 21-10699-dsj Kossoff PLLC | 22-01113-dsj Albert Togut, Not Individually but Solely in His C v. VNB New York LLC et al | Adversary | |
| 21-10699-dsj Kossoff PLLC | 22-01141-dsj Albert Togut, Not Individually but Solely in His C v. Perevoski et al | Adversary | |
| 21-10699-dsj Kossoff PLLC | 22-01146-dsj Albert Togut, Not Individually but Solely in His C v. Kossoff | Adversary | |
| 21-10699-dsj Kossoff PLLC | 22-01148-dsj Albert Togut, Not Individually but Solely in His C v. World Global Fund LLC et al (closed) | Adversary | 07/11/2023 |
| 21-10699-dsj Kossoff PLLC | 22-01158-dsj Albert Togut, Not Individually but Solely in His C v. Roc Le Triomphe Associates LLC et al | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01004-dsj Albert Togut, Not Individually but Solely in His C v. Besen et al | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01018-dsj Albert Togut, Not Individually but Solely in His C v. 52-01 Flushing Avenue Company, LLC et al | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01021-dsj Albert Togut, Not Individually but Solely in His C v. Prudential Insurance Company of America et al | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01023-dsj Albert Togut, Not Individually but Solely in His C v. Colgate University et al | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01062-dsj Albert Togut, Not Individually but Solely in His C v. American Express Company | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01063-dsj Albert Togut, Not Individually but Solely in His C v. Bank of America, N.A. | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01064-dsj Albert Togut, Not Individually but Solely in His C v. Bank of America, N.A. | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01065-dsj Albert Togut, Not Individually but Solely in His C v. Hammer et al | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01066-dsj Albert Togut, Not Individually but Solely in His C v. Woart | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01067-dsj Albert Togut, Not Individually but Solely in His C v. Tremada 333 East 46 LLC et al | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01068-dsj Albert Togut, Not Individually but Solely in His C v. VPRE Properties Inc | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01069-dsj Albert Togut, Not Individually but Solely in His C v. Rosenblatt | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01071-dsj Albert Togut, Not Individually but Solely in His C v. 46 / 47 Apartment Holdings LLC | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01072-dsj Albert Togut, Not Individually but Solely in His C v. 60 Tenants Corp. | Adversary | |

| | | | |
|---|---|---|---|
| 21-10699-dsj Kossoff PLLC | 23-01073-dsj Albert Togut, Not Individually but Solely in His C v. 161 West 4 Realty LLC | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01074-dsj Albert Togut, Not Individually but Solely in His C v. 169 West 22 Street, Inc. | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01075-dsj Albert Togut, Not Individually but Solely in His C v. 333 East 46th St. Apartment Corp. | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01076-dsj Albert Togut, Not Individually but Solely in His C v. Banyan Tree Capital LLC | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01077-dsj Albert Togut, Not Individually but Solely in His C v. 145 Henry Partners, LLC | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01078-dsj Albert Togut, Not Individually but Solely in His C v. Gatsby et al | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01079-dsj Albert Togut, Not Individually but Solely in His C v. Penna | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01080-dsj Albert Togut, Not Individually but Solely in His C v. Barasky | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01081-dsj Albert Togut, Not Individually but Solely in His C v. Jelic | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01082-dsj Albert Togut, Not Individually but Solely in His C v. Farber | Adversary | ⨯ |
| 21-10699-dsj Kossoff PLLC | 23-01083-dsj Albert Togut, Not Individually but Solely in His C v. Curanovic et al | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01084-dsj Albert Togut, Not Individually but Solely in His C v. Rebecca Zweig, N/K/A Rebecca Zweig Katz | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01085-dsj Albert Togut, Not Individually but Solely in His C v. Savoysky-Smith | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01086-dsj Albert Togut, Not Individually but Solely in His C v. Shamah | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01087-dsj Albert Togut, Not Individually but Solely in His C v. Ranaan | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01088-dsj Albert Togut, Not Individually but Solely in His C v. Zweig | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01089-dsj Albert Togut, Not Individually but Solely in His C v. Ramnani et al | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01090-dsj Albert Togut, Not Individually but Solely in His C v. Zweig | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01092-dsj Albert Togut, Not Individually but Solely in His C v. Alexander et al | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01093-dsj Albert Togut, Not Individually but Solely in His C v. Olcott | Adversary | ⨯ |
| 21-10699-dsj Kossoff PLLC | 23-01094-dsj Albert Togut, Not Individually but Solely in His C v. Bloomingdale's Inc. et al | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01095-dsj Albert Togut, Not Individually but Solely in His C v. Columbus Properties, Inc et al | Adversary | |
| 21-10699-dsj Kossoff PLLC | 23-01096-dsj Albert Togut, Not Individually but Solely in His C v. Citibank, N.A. et al | Adversary | |

| | | | |
|---|---|---|---|
| 21-10699-dsj<br>Kossoff PLLC | 23-01100-dsj Albert Togut, Not Individually but Solely in His C v.<br>Joseph S. Costa, Not Individually but Solely in Hi | Adversary | |
| 21-10699-dsj<br>Kossoff PLLC | 23-01103-dsj Albert Togut, Not Individually but Solely in His C v.<br>Friedman | Adversary | ⊠ |
| 21-10699-dsj<br>Kossoff PLLC | 23-01105-dsj Albert Togut, Not Individually but Solely in His C v.<br>Haverford College | Adversary | |
| 21-10699-dsj<br>Kossoff PLLC | 23-01107-dsj Albert Togut, Not Individually but Solely in His C v.<br>Apex Funding Source, LLC | Adversary | |
| 21-10699-dsj<br>Kossoff PLLC | 23-01108-dsj Albert Togut, Not Individually but Solely in His C v.<br>Diesel Funding LLC | Adversary | |
| 21-10699-dsj<br>Kossoff PLLC | 23-01109-dsj Albert Togut, Not Individually but Solely in His C v.<br>eProdigy Financial, LLC et al | Adversary | |
| 21-10699-dsj<br>Kossoff PLLC | 23-01110-dsj Albert Togut, Not Individually but Solely in His C v.<br>Queen Funding, LLC | Adversary | |
| 21-10699-dsj<br>Kossoff PLLC | 23-01111-dsj Albert Togut, Not Individually but Solely in His C v.<br>Tiger Capital Group LLC | Adversary | |
| 21-10699-dsj<br>Kossoff PLLC | 23-01112-dsj Albert Togut, Not Individually but Solely in His C v.<br>Unique Funding Solutions, LLC | Adversary | |
| 21-10699-dsj<br>Kossoff PLLC | 23-01113-dsj Albert Togut, Not Individually but Solely in His C v.<br>BMF Advance, LLC | Adversary | |
| 21-10699-dsj<br>Kossoff PLLC | 23-01114-dsj Albert Togut, Not Individually but Solely in His C v.<br>Cedar Advance, LLC | Adversary | |
| 21-10699-dsj<br>Kossoff PLLC | 23-01115-dsj Albert Togut, Not Individually but Solely in His C v.<br>Elite Enterprises of NY. Inc. | Adversary | |
| 21-10699-dsj<br>Kossoff PLLC | 23-01116-dsj Albert Togut, Not Individually but Solely in His C v.<br>Hammer et al | Adversary | |
| 21-10699-dsj<br>Kossoff PLLC | 23-01127-dsj Albert Togut, Not Individually but Solely in His C v.<br>Unger et al | Adversary | |
| 21-10699-dsj<br>Kossoff PLLC | 23-01155-dsj Albert Togut, Not Individually but Solely in His C v.<br>Fordham University School of Law et al | Adversary | |

## Other Filings by Same Debtor(s)